Dallas Hall v. Commissioner.
Hall v. Commissioner
Docket No. 58317.
United States Tax Court
T.C. Memo 1958-110; 1958 Tax Ct. Memo LEXIS 119; 17 T.C.M. (CCH) 565; T.C.M. (RIA) 58110; June 11, 1958
A. Lawson Davis, Esq., for the petitioner. Miller Bowen, Esq., for the respondent. TURNER
Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency in income tax against the petitioner for the taxable year 1951 in the amount of $75.99, and additions to tax for such year under section 294(d)(1)(A) and section 294(d)(2) of the Internal Revenue Code of 1939 in the respective amounts of $22.40 and $13.44. The only question for determination is whether petitioner is entitled to an exemption credit for his son. Findings of Fact Some of the facts have been stipulated and are found as *120 stipulated. Petitioner is a resident of Nashville, Tennessee. He filed his income tax return for the year herein with the collector of internal revenue for Tennessee. During 1951 petitioner operated a "beer sales" business under the name of Talk of the Town, and for the first three months of the year, he operated a cafe under the name of Do's Grill. Both businesses were in Nashville. His adjusted gross income was $1,894.04. Petitioner was formerly married to Mable P. Hall. They had one child, a son, Paul Vernon Hall, who was born on August 6, 1938. Petitioner and his wife were divorced in Davidson County, Tennessee, on May 23, 1946. The mother was awarded the custody of the son, and petitioner was required to pay her $10 per week toward his support. During 1951 petitioner made the payments in the total amount of $520 toward the support of his son. He also furnished additional funds for the payment of dental work, haircuts and some clothing for the boy. Mable and Paul, during 1951, resided in the home of Mable's mother. Mable's sister and her child also resided there. The two sisters each gave the mother $20 a week for groceries, and as rent they were each paying $360 a year *121 on a mortgage on the house. Mable also paid her mother $5about a week for the care of Paul. She bought some of Paul's clothing, gave him lunch money on school days, paid for his laundry and cleaning, and gave him about fifteen cents a day for spending money. She did not pay for any of Paul's dental and barber work. She did pay a doctor $20 for treating a foot ailment which Paul suffered, and she gave Paul $45a watch for a Christmas present. Mable operated a small restaurant at the Radnor Yards in Nashville, having leased the building and equipment from the owner. As the restaurant was open 24 hours a day, she was subject to call at any time. During 1951 she was buying a 1946 Pontiac automobile, which she drove to and from her work and also for pleasure. She made monthly payments of $49.50 each on the car. Mable's income from the restaurant during 1951 was approximately $1,404. On his 1951 return, petitioner claimed a deduction in the amount of $520 as alimony paid to Mable, and claimed an exemption credit only for himself. In the petition herein, he contends that the $520, plus additional support furnished by him, constituted more than half of the total support for his son for *122 1951, and that he is entitled to an exemption credit for the son. Petitioner furnished more than half of the total cost of the support for his son during 1951. Opinion Although petitioner originally claimed a deduction in the amount of $520 as alimony paid to his former wife, the question for determination is whether he is entitled to a credit against net income of $600 for his son as a dependent. In order to be entitled to such credit, he has the burden of proving that he furnished more than half of the son's support for the taxable year 1951, as required under section 25 of the Internal Revenue Code of 1939. [1]
*123 Where the parties are divorced and the dependent is living with the former wife, as here, the duty of establishing the aggregate cost of support is made the more difficult, especially when neither parent keeps a record of such support expenditures. We have the testimony of both parents, and though neither had a recollection of the exact amount each expended in the support of their son during the taxable year, which was six years prior to their testifying, we have sufficient evidence to find that petitioner furnished more than half of the support of his son. It is quite definite that petitioner furnished $520 during the year which was required by the divorce decree to be paid to his former wife for support of their son. That is corroborated by the mother of the boy. She also corroborated petitioner's testimony that he furnished additional support in the form of clothing and the cost of dental and barber work. It is quite evident from the testimony of the boy's mother that her income, exclusive of the $520 received from petitioner, was only $1,404, out of which she contributed payments to her mother, along with similar payments made by her sister, so that she and her son, the *124 sister and her son and the mother could be housed and fed. She also was paying $49.50 a month on an automobile she was buying. She used the car to drive to and from her work, as well as for pleasure driving. There was some expense in the operation of the car and probably in its maintenance, although the record is blank as to amounts. She bought her own clothing. It is obvious that the expenditures she made for the automobile, her room and board and other personal expenses did not permit her to spend, from her own income, as much on the support of her son as she received from petitioner for such support. We are convinced, on the record, that petitioner furnished more than half of the cost of the support for his son during 1951, and we have so found as a fact. Due to adjustments not submitted for decision herein, a recomputation of the deficiency will be necessary. Decision will be entered under Rule 50. Footnotes
1. SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: * * *
(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, except that the exemption shall not be allowed in respect of a dependent who has made a joint return with his spouse under section 51 for the taxable year beginning in such calendar year. * * *
(3) Definition of Dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: (A) a son or daughter of the taxpayer, * * *↩